**Commonwealth v. Bedford County**

*Edward Mannino* and *Steven Friedman,* for appellant.

*K. W. James Rochow* and *Dennis J. Harnish,* for Department of Environmental Resources.

MALIN, Chairman, December 29, 1972.—This matter comes before the board as an appeal from the grant by the Department of Environmental Resources, hereinafter called department, of a permit to the Bedford Sanitation Service, hereinafter called respondent, to operate a sanitary landfill in Bedford County. The County of Bedford presently operates a sanitary landfill and is opposed to a new privately owned operation. When the permit application was originally filed, the legal notice in error named the wrong county in giving notice of the location of the proposed landfill. The county raised no timely objection to the issuance of the permit at that time, and now contends that the defective notice prevented its formal opposition. In addition, there were a few statements in the application of respondent which it is alleged were technically untrue. Appellant now desires to have the permit issued by the department revoked or held to be null and void for the indicated reasons.

## FINDINGS OF FACT

1. On November 16, 1971, the department granted respondent, Bedford Sanitation Service, a Solid Waste Management Permit to operate a sanitary landfill in Colerain Township, Bedford County, pursuant to section 7 of the Pennsylvania Sold Waste Management Act (act) of July 31, 1968, No. 241, as amended, 35 PS §6007.

2. Colerain Township, either alone or in conjunction with other governmental entities, has not prepared a Solid Waste Management Plan which has

been approved by the department pursuant to the Solid Waste Management Act.

3. Notice of respondent's application was published in the Pennsylvania Bulletin on September 18, 1971, but named Chester County in error, instead of Bedford County.

4. Notice of the grant of the permit to respondent by the department was published in the Pennsylvania Bulletin on February 12, 1972.

5. The department has determined that the site of the sanitary landfill of Bedford Sanitation Service is fully prepared and ready to be operated as a sanitary landfill.

6. Bedford Sanitation Service has expended approximately $43,000 to purchase and prepare the landfill site for operation and to secure a permit: the purchase price of the farm on which the landfill is located was $35,000; $8,000 was expended to build an access road and drainage facilities, test the soils and drill the required wells.

7. Although respondent erroneously stated in its application that local government approval had been given for issuance of the permit, the department would have granted the permit to respondent to conduct a sanitary landfill operation in Colerain Township whether respondent answered affirmatively or negatively the question in the permit application concerning local government approval.

8. The closest family residence to respondent's landfill site is approximately one-half mile from the edge of the site.

9. The land use surrounding respondent's landfill in Colerain Township, Bedford County, is well in excess of 95 percent agricultural and woodland.

10. On August 6, 1969, the Colerain Township Supervisors passed a resolution ceding to Bedford

County its authority "to regulate the collection of garbage, trash and other solid wastes and to provide facilities for the treatment and/or disposal of the same" in return for the county's assumption of the responsibility to provide solid waste disposal facilities and to file a county plan with the department.

11. Due to the location of the mountain ridges in Bedford County, and the mountainous terrain surrounding the Bedord County landfill, access to the Bedford County landfill is limited.

## CONCLUSIONS OF LAW

1. The department has jurisdiction of the parties and subject matter of this appeal.

2. The appeal hearing and this adjudication satisfies all due process requirements to which appellant, Bedford County, is entitled under the facts of this case.

3. The department has exclusive authority under the circumstances of this case to issue a permit to operate a sanitary landfill.

4. The permit issued by the department to respondent was properly issued in accordance with the Solid Waste Management Act, with the exceptions herein indicated.*

## DISCUSSION

The major question which this appeal raises is, what are the consequences of a defective notice of application for a sanitary landfill permit? Although

---

* The act empowers the department to issue permits, but establishes no criteria therefor. The department is given complete authority to do this by regulation. The act states simply, "§6007 (b) Application for a permit shall be in writing and shall be made on a form prescribed, prepared and furnished by the department and shall set forth such information and be accompanied by such data as the department may require."

it is true that the application filed by respondent did contain one or two untrue statements, they were not material to the granting or denial of the permit, according to the department itself. One might ask with some justification, why ask questions on an application if it matters not whether a true answer is given, so long as *any* answer is given? We cannot condone or overlook this, as it appears to be unreasonable administrative practice.

One other related matter deserves comment before we reach the major issue raised in this case. Appellant filed a plan for solid waste management with the department which was never finally approved. The department knew, or should have known, of appellant's plans when it received the application of respondent on September 7, 1971. It seems to us that the department, dealing as it was with another governmental agency, should, at least, have had some contact with the county before granting the permit here in question.

Moving to the main question, it is clear at the outset that appellant was entitled to have notice and an opportunity to make any objections it had prior to the issuance of a permit to respondent. Inasmuch as the defective notice published by respondent prevented this, appellant clearly was entitled to be heard, carrying no heavier burden than if its objections had been made before the permit was granted. In short, this is not a revocation proceeding in any substantive sense. Although appellant is constitutionally entitled to notice and an opportunity to be heard, this can occur at any stage in the proceeding: Ewing v. Mytinger and Casselberry, Inc., 339 U.S. 594.

We believe that appellant has been given a full, complete and fair hearing. We have found their objections to the permit grant not to be substantial. In

actuality, the objections, other than to the immaterial misstatements of the application, reduce themselves to a pocketbook issue. The county does not care to compete with the proposed private enterprise operation.

Appellant suggests that we should consider the questions of need, the nature of the area where the landfill is to operate, and the feelings of local authorities. These are all important and reasonable considerations. After reviewing the testimony, however, and giving due consideration to the factors suggested by appellant, it is the board's conclusion that they do not lead to a conclusion contrary to that reached by the department.

We, of course, are not required to give these matters more consideration than the Solid Waste Management Act requires of the department in the first instance.

The one problem raised by appellant which has not, in our opinion, been satisfactorily resolved by respondent or the department, concerns the disposal of bulk items of solid waste by respondent. Appellant contends that should it close its sanitary landfill operation as a result of competition by Bedford Sanitation Service, the latter will be unwilling to process large bulk items of solid waste. Inasmuch as the final approval for the operation has not yet been issued by the department, we will resolve this problem by simply suggesting that the department give every consideration to the problems that this could create in such event, and frame the permit conditions accordingly.

In conclusion, we are satisfied that the department has fully and properly administered the Solid Waste Management Act in granting a permit to Bedford Sanitation Service, respondent.

We accordingly make the following

ORDER

And now, December 29, 1972, the action of the department issuing a sanitary landfill permit to Bedford Sanitary Service on November 16, 1971, is hereby sustained and the appeal of the County of Bedford is hereby dismissed.